UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN LAMONT SHEPPARD<br>9833 Cherry Tree Lane<br>Silver Spring, MD 20901<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br><br>Serve: Kenneth L. Wainstein<br>United States Attorney for the District of Columbia<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530<br><br>    and<br><br>Hon. Alberto Gonzales<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>    Defendant. | Case No._____ |

COMPLAINT
(Negligence-Federal Tort Claims Act)

JURISDICTION AND VENUE

1. This court has jurisdiction in this matter pursuant to 28 U.S.C. Section 2671, et seq.

2. Venue in this court is proper under 28 U.S.C. Section 1346 (b) as the claims are brought against the United States for money damages, and 28 U.S.C. Section 1391, as the cause of action arose in the District of Columbia.

3. On or about December 3, 2004, a Standard Form 95 (Claim for Damage, Injury or Death) was filed on behalf of the Plaintiff with the United States c/o the Office of the

General Counsel, Federal Bureau of Prisons and the Office of the General Counsel, United States Marshal Service.

4. On or about December 23 2004, counsel for Plaintiff received a letter acknowledging receipt of Plaintiff's Administrative Tort Claim from the General Counsel of the United States Marshal Service. No other correspondence or denials were received from either agency.

## PARTIES

5. At all times relevant herein, Plaintiff was an adult resident of the State of Maryland.

6. Defendant United States of America is subject to suit under the Federal Tort Claims Act for the negligent, wanton, willful and wrongful acts or omissions of employees of the Bureau of Prisons and the United States Marshal Service and their relevant employees and/or agents of each agency. The employees and agents of Defendant were acting within the scope of their employment, and with the permission and consent of Defendant, while performing the acts or omissions described in this complaint.

## FACTS

7. On or about August 12, 1996, Plaintiff was sentenced to 121 months incarceration in case number 95-116(2) RCL in the United States District Court for the District of Columbia by the Honorable Royce C. Lamberth.

8. On or about December 6, 2002, the United States Attorney for the District of Columbia filed a Motion To Reduce Sentence pursuant to FRCP 35.

9. On or about December 12, 2002, Judge Lamberth granted the Motion To Reduce Sentence, reduced the sentence to time served, and ordered the immediate release of Plaintiff.

10. On or about December 12, 2002, a copy of Judge Lamberth's Judgment and Commitment Order was delivered the Office of the United States Marshal Service in the United States District Court of the District of Columbia. The Office of the United States Marshal Service failed to take the necessary steps to transmit or transfer the order to the necessary parties to ensure Plaintiff's timely release.

11. On or about December 15, 2002, Plaintiff was interviewed by Case Manager Anderson at the Leavenworth detention facility. At that time Case Manager Anderson did not review or verify his release date. Manager Anderson took no other steps to ensure that Plaintiff was released in accordance with Judge Lamberth's order.

12. Plaintiff was not released from custody until October 7, 2003.

COUNT 1
(Negligence-Bureau of Prisons)

13. Plaintiff realleges and incorporates paragraphs 1 through 12 above.

14. Defendant owed a duty of care to Plaintiff to ensure that he was not detained for any period in excess of that authorized by law or court order. Defendant owed a duty to Plaintiff to ensure that was not detained after his release was ordered by the United States District Court for the District of Columbia. Defendant owed a duty to Plaintiff to not deprive him of his liberty without due process of law.

15. Defendant, through its agencies, authorities, employees, servants and/or agents, directly and vicariously, breached said duties of care to Plaintiff. Defendant's breaches of said duties include, but are not limited to, failing to have proper procedures to ensure that

prisoners are released in accordance with court orders, failing to monitor prisoner release dates and updates to their sentence(s), failing to communicate and exchange information with other agencies regarding prisoner processing and release and was otherwise negligent.

16. The acts and omissions of Defendant's agents and/or employees as described above were willful, reckless, wanton, in violation of the national standards of care and in conscious disregard for the rights of Plaintiff.

17. As a direct and proximate result of Defendant's negligent and gross negligent acts and/or omissions, Plaintiff was illegally detained for a period in excess of nine (9) months, he sustained severe suffering and mental anguish and a substantial loss of income and was otherwise damaged.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against Defendant United States of America in the amount of Five Million Dollars ($5,000,000.00) and any other appropriate relief.

## COUNT 2
### (Negligence-United States Marshal Service)

18. Plaintiff realleges and incorporates paragraphs 1 through 17 above.

19. Defendant owed a duty of care to Plaintiff to ensure that he was not detained for any period in excess of that authorized by law or court order. Defendant owed a duty to Plaintiff to ensure that was not detained after his release was ordered by the United States District Court for the District of Columbia. Defendant owed a duty to Plaintiff to not deprive him of his liberty without due process of law.

20. Defendant, through its agencies, authorities, employees, servants and/or agents, directly and vicariously, breached said duties of care to Plaintiff. Defendant's breaches of

said duties include, but are not limited to, failing to have proper procedures to ensure that prisoners are released in accordance with court orders, failing to monitor prisoner release dates and updates to their sentence(s), failing to communicate and exchange information with other agencies regarding prisoner processing and release, failing to transmit court orders and other release documents to the Bureau of Prisons and other relevant agencies and was otherwise negligent.

21. The acts and omissions of Defendant's agents and/or employees as described above were willful, reckless, wanton, in violation of the national standards of care and in conscious disregard for the rights of Plaintiff.

22. As a direct and proximate result of Defendant's negligent and gross negligent acts and/or omissions, Plaintiff was illegally detained for a period in excess of nine (9) months, he sustained severe suffering and mental anguish and a substantial loss of income and was otherwise damaged.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against Defendant United States of America in the amount of Five Million Dollars ($5,000,000.00) and any other appropriate relief.

Respectfully submitted,

_____
David M. Nester, #421894
717 D Street, N.W., Suite 310
Washington, D.C. 20004
(202) 783-4474
Counsel for Plaintiff

Case 1:06-cv-00855-RBW    Document 1    Filed 05/08/2006    Page 6 of 6