IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN LAMONT SHEPPARD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0855 (RBW) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **DEFENDANT'S MOTION TO DISMISS**

Defendant, United States of America, respectfully moves to dismiss this Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA") case for lack of subject matter jurisdiction and for improper venue pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), or, in the alternative, Defendant moves to transfer this case pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). In support of this Motion, Defendant refers the Court to the accompanying memorandum of points and authorities. A proposed Order consistent with this Motion also is attached.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
PETER S. SMITH, D.C. Bar # 465131

Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEVIN LAMONT SHEPPARD | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-0855 (RBW) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant United States of America respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss.

**I. STATEMENT OF FACTS**

Plaintiff Kevin L. Sheppard alleges that he is a former inmate of the United States Penitentiary in Leavenworth, Kansas. Compl. at ¶¶1-3, 11. Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1391 in connection with the alleged failure of the Federal Bureau of Prisons (BOP) and the United States Marshal Service (USMS) to timely release him from prison. Id. Plaintiff currently is a resident of Silver Spring, Maryland. Compl., caption and ¶ 5. On August 12, 1996, the Hon. Royce C. Lamberth sentenced Kevin R. Shepherd to 121 months incarceration in Criminal No. 95-116(2) (RCL). Ex. 3 attached (docket sheet) at Document No. 43. See also Compl. at ¶ 1 (allegation that Judge Lamberth sentenced Plaintiff Kevin L. Sheppard on that date). Subsequently, the government moved to reduce Kevin R. Shepard's sentence. Id. at Document No. 74. Compare Compl. at ¶ 8. Judge Lamberth

granted that motion on December 12, 2002.  Id.  Compare Compl. at ¶ 9 (regarding Kevin L. Sheppard).  According to Plaintiff, Judge Lamberth reduced his sentence to time served and ordered his immediate release.  Id. at ¶ 9.  Plaintiff alleges that he was not released from custody until October 7, 2003.  Id. at ¶ 12.  However, Judge Lamberth's December 12, 2002 Judgment and Commitment Order concerns Kevin R. Shepherd.  Ex. 1 at 1.

Similarly, the order granting the government's Rule 35 motion in Crim. No. 95-0116(2) (RCL) lists the defendant as Kevin R. Shepherd.  Ex. 2.  Judge Lamberth's December 12, 2002 Judgment and Commitment Order does not address how the Order is to be transmitted to the Bureau of Prisons, in whose facility Kevin R. Shepherd was incarcerated at the time.  Ex. 1.  The Clerk's Office was ordered to serve the December 12, 2002 order granting the government's Rule 35 motion upon the prosecutor and upon Kevin R. Shepherd's counsel, Edwin C. Brown, Jr.  Ex. 2 at 2.  BOP's Inmate Locator states that Kevin R. Shepherd was released from BOP custody on October 7, 2003.  Ex. 4.  There is a separate Inmate Locator entry for "Kevin Sheppard," whose release date is "Unknown."  Ex. 5.

On December 2, 2004, Kevin L. Sheppard, through his counsel, David M. Nester, Esq., presented an administrative tort claim to the United States Marshal Service.  Ex. 6.  Mr. Nester's cover letter states that he represents "Kevin Lamont Sheppard."  Id. at 1.  Kevin Lamont Sheppard's administrative tort claim alleges that on or about "August 12, 1996, Kevin Sheppard was sentenced to 121 months . . . in case # 95-116(2) (RCL) . . . Kevin Sheppard was not released in accordance with Judge Lamberth's order until October 7, 2003."  Id. at 2.

Plaintiff's Complaint contains two counts of negligence, one against the Bureau of Prisons and one against the United States Marshal Service.  Plaintiff claims that both

2

organizations, <u>inter alia</u>, breached a duty "to ensure that prisoners are released in accordance with court orders . . ." Compl. at ¶¶ 15, 20. Plaintiff seeks Five Million Dollars ($5,000,000.00) damages for each count and other unspecified relief. <u>See</u> Cmpl., prayer for relief.

## II. ARGUMENT

A.    <u>Standard of Review</u>.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." <u>Thompson v. Capitol Police Board</u>, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." <u>Rann v. Chao, Dep't. of Labor</u>, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), <u>affirmed</u>, 346 F.3d 192 (D.C. Cir. 2003), <u>cert. denied</u>. In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." <u>Thompson</u>, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. <u>Herbert v. National Academy of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. <u>See id</u>. In keeping with the latter, Defendant has attached various exhibits to this Memorandum.

B.      Plaintiff Lacks Standing.

As a threshold matter, this case should be dismissed because the Court lacks subject matter jurisdiction. Plaintiff Kevin Lamont Sheppard seems to be seeking to press a tort claim on behalf of another, Kevin R. Shepherd. It is well established that a party seeking to invoke a federal court's jurisdiction must satisfy the case or controversy requirements of Article III of the Constitution. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). This requirement includes that Plaintiff is the real party in interest, and has suffered an injury in fact. Id. It is Plaintiff who bears the burden of establishing that jurisdiction is proper. See, e.g., KVOS, Inc. v. Associated Press, 299 U.S. 269 (1936).

As explained above, Judge Lamberth's December 12, 2002 Judgment and Commitment Order concerns "Kevin R. Shepherd." Ex. 1 at 1. It was Kevin R. Shepherd who was released from BOP custody on October 7, 2003. Ex. 4. Plaintiff in this lawsuit is "Kevin Lamont Sheppard." Compl. While the names are similar, they are not the same.[1] Obviously, Plaintiff

---

[1] In addition, BOP's Inmate Locator lists "Kevin R. Shepherd," Reg. No. 29682-037, an African-American male, as having been released on October 7, 2003. Ex. 4. BOP's Inmate Locator lists "Kevin Sheppard," Reg. No. 04636-028, as a white male, release date unknown. Ex. 5 (the Inmate Locator does not list dates of birth, but merely lists age). Nonetheless, Kevin L. Sheppard's administrative tort claim, Ex. 6, lists his date of birth as the same date that is listed on Judge Lamberth's December 12, 2002 Judgment in a Criminal Case, Ex. 1. However, Kevin R. Shepherd's date of birth and Social Security Number both are in the public record by virtue of their inclusion in Judge Lamberth's December 12, 2002 Order. Ex. 1 (portions redacted). The record in Kevin R. Shepherd's criminal case, including the December 12, 2002 Order have been unsealed. See order unsealing record, Document No. 77, in Criminal No. 95-116(2) (RCL), Ex. 3 (docket sheet). Since Kevin R. Shepherd's date of birth is in the public record, its inclusion in Plaintiff's administrative filing proves nothing. Moreover, dismissal is warranted simply because of the difference in the names between the Plaintiff and the person who was released on October 7, 2003 from BOP custody. Plaintiff has the burden of demonstrating that the Court has subject matter jurisdiction; the Court cannot exercise jurisdiction in an FTCA case where there are such serious questions about whether the Plaintiff is the person who suffered the alleged injury. Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court

lacks standing to litigate Kevin R. Shepherd's claim. Standing is a jurisdictional prerequisite to suit; therefore, because he lacks standing, Plaintiff's Complaint must be dismissed with prejudice.

C. <u>This Court Does Not Have Jurisdiction over Plaintiff's Claims Because They are Excepted from Federal Tort Claims Act</u>.

In the alternative, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), because the alleged wrongs are not cognizable under the Federal Tort Claims Act's limited waiver of sovereign immunity. Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of statutory waiver of such immunity. <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed'") (quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 95 (1990)); <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976). The FTCA is a limited waiver of the government's sovereign immunity. See, e.g., <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993).

Kevin R. Shepherd was, during the relevant time period, a federal prisoner. Kevin L. Sheppard, the Plaintiff in this case, alleges that he was not released from federal custody pursuant to an order reducing his sentence and that Defendant negligently breached a duty of care to "ensure that he was not detained after his release . . . [and] not to deprive him of his liberty . . . ." Compl. at ¶ 14. This is nothing more than a false imprisonment claim. Claims of false

---

lacks jurisdiction of the subject matter, the court shall dismiss the action."). In keeping with the Court's privacy policy for ECF filing, Defendant has redacted the actual date of birth from the exhibits attached hereto.

imprisonment are expressly barred, since the FTCA exempts "[a]ny claim arising out of assault, battery, false imprisonment."

However, that is not the end of the inquiry because the FTCA also provides that "with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising. . . out of assault, battery, false imprisonment. . . ." 28 U.S.C. §2680(h). See also Orsay v. U.S., 289 F.3d 1125 (9th Cir. 2002) (discussing reach of exceptions set forth at 28 U.S.C. § 2680(h)).

Although the Bureau of Prisons and the United States Marshals Service employ "law enforcement officers" as defined in the statute, Plaintiff's claims here do not relate to an arrest but instead to the length of confinement. The FTCA states that a "law enforcement officer" is a person empowered to "execute searches, to seize evidence, or to make arrests . . . ." 28 U.S.C. 2680(h). The United States Court of Appeals for the Ninth Circuit has held that "Congress intended § 2680(h) to apply only when the federal official acts in his or her investigative or law enforcement capacity." Orsay, 289 F.3d at 1133 (quoting Arnsberg v. United States 757 F.2d 971, 978 note 5 (9th Cir. 1985)). Even if Plaintiff were the one whose release allegedly was delayed, he has not alleged facts sufficient to bring the ministerial task of transmitting the court's order, and the administrative staff who would do so, within the "law enforcement officer" exception to the FTCA's false imprisonment exemption. As explained above, it is Plaintiff's burden to demonstrate that the Court has subject matter jurisdiction over this case. That is, there is no indication that the failure to release Plaintiff occurred because of any action or omission of "law enforcement officers" as defined in the FTCA.

D.    This Action Should Be Dismissed Because Plaintiff Cannot Show That Defendant Violated any Tort Duty That it Owed to Him.

In the alternative, and setting aside Plaintiff's standing problem, Plaintiff cannot show any common law duty that Defendant breached giving rise to a tort claim. Under the FTCA, the Court applies the common law of the District of Columbia on questions such as whether a tort duty is owed to a plaintiff and what legal defenses are available to a defendant in a tort case. Hoehn v. U.S., 217 F.Supp. 2d 39, 45 (D.D.C. 2002) (looking to District of Columbia law to decide "whether a duty is owed" and observing that "is a question of law to be determined by the court.").

28 U.S.C. § 1346(b) provides that the federal government will be liable in tort "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." There obviously is no private party analogue to what Plaintiff is claiming here, because private parties cannot incarcerate prisoners. Plaintiff's Complaint identifies various purported duties that Defendant violated, including not to detain him for a period in excess of his sentence, Compl. at ¶ 14, and to ensure the release of prisoners.

While the failure to release a prisoner timely, as alleged here, if true would be unfortunate, the undersigned counsel could not find any case or other legal authority establishing a duty to Plaintiff that would give rise to an FTCA claim against the United States. See, e.g., 28 C.F.R. § 0.111 (describing general functions of the USMS). Similarly, the BOP is required to release inmates who have served his or her respective sentence; however, that obligation is not triggered until BOP receives notice of an inmate's release date. 28 C.F.R. § 571.11.

Plaintiff alleges that USMS and BOP are liable for failing to properly transmit Judge Lamberth's order. Judge Lamberth's December 12, 2002 Judgment and Commitment Order does not address how the Order is to be transmitted to the Bureau of Prisons, and thus the order itself does not create any such duty. Ex. 1. It was the Clerk's Office that was tasked with serving the December 12, 2002 order granting the government's Rule 35 motion upon the prosecutor and upon Kevin R. Shepherd's counsel, Edwin C. Brown, Jr. Ex. 2 at 2.

E.  This Claim is Not Actionable Under the Federal Tort Claims Act Because Judicial Immunity Bars Recovery.

In addition, the doctrine of judicial immunity shields Defendant from liability in this particular case. Judge Lamberth's order was silent about how it was to be conveyed to BOP. It would follow that it would be the Clerk's Office's administrative task, but the undersigned was not able to find any legal authority governing this question. "For more than a century, the Supreme Court has followed the common law doctrine granting judges absolute immunity from liability for damages based upon acts committed within their judicial jurisdiction." Turner, II, v. Barry, Jr., 856 F.2d 1539, 1540 (D.C. Cir. 1988). This absolute immunity has been extended to other quasi-judicial officials, such as the Clerk's Office, when, inter alia, their activities are integrally related to the judicial process. Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process"). See also 28 U.S.C. § 2674 (FTCA defense of judicial immunity). The *Turner* Court held that judicial authority extended to probation officers preparing presentence reports. 856 F.2d 1539. Such immunity should also extend to Defendant insofar as the purely ministerial task of transmitting the court's order reducing Plaintiff's sentence is

8

integrally related to the judicial process. Just as no FTCA claim would lie against staff of the Court's clerk's office for an administrative error, Plaintiff's allegation here is that USMS and BOP administrative personnel failed to carry out a ministerial task: releasing him in accordance with Judge Lamberth's order.

F.      Plaintiff failed to exhaust administrative remedies with Respect to the the Federal Bureau of Prisons.

The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993). 28 U.S.C. §2675(a) reads in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

Claimants exhaust their administrative remedies by filing an administrative FTCA claim within two years after accrual of the claim and then filing a complaint in district court within six months after the agency denies the claim. See 28 U.S.C. § 2401(b); Schuler v. United States, 628 F.2d 199, 201-02 (D.C. Cir. 1980); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987). Courts must dismiss tort claims for lack of jurisdiction when plaintiffs fail to comply with the administrative claim requirement. See, e.g., McNeil, 508 U.S. at 110-11; Mac'Avoy v. Smithsonian Inst., 757 F. Supp. 60, 68-69 (D.D.C. 1991); Liles v. United States, 638 F. Supp. 963, 966-67 (D.D.C. 1986).

First, Plaintiff cannot exhaust Kevin R. Shepherd's tort claim. The is no evidence, or

allegation for that matter, that Kevin R. Shepherd ever filed an administrative tort claim. Second, neither Kevin R. Shepherd nor Kevin L. Sheppard filed an administrative tort claim with the Federal Bureau of Prisons regarding alleged detention at USP Leavenworth beyond the proper release date. See Declaration of Renee Brinker Fornshill, Ex. 8 attached, at ¶ 5. Because Plaintiff has not satisfied this jurisdictional prerequisites for filing an FTCA claim, the Court should dismiss Plaintiff's lawsuit under Rule 12(b)(1).

G.    Plaintiff was Contributorily Negligent.

Again setting aside the standing problem, here Plaintiff alleges that Judge Lamberth executed an order on December 12, 2002 requiring his release from prison, but that he was not in fact released until October 7, 2003. During that time period, Plaintiff's counsel was on notice of the sentence reduction. Neither Plaintiff nor his counsel seem to have taken any steps to have Judge Lamberth's order transmitted to BOP.

Plaintiff knew or, by the exercise or ordinary care, should have discovered that he was not released in accordance with Judge Lamberth's order and taken steps to secure his release. Such contributory negligence is an absolute bar to recovery. Lipnick v. United States, 717 F. Supp. 902, 907 (D.D.C. 1989) (in a negligence case, plaintiff's recovery is barred by his own contributory negligence); Scoggins v. Jude, 419 A.2d 999 (D.C. 1980) (contributory negligence is conduct that falls below the standard to which a reasonable person should conform for his own protection and which contributes to his injury). Plaintiff also was represented by counsel. Plaintiff's counsel's failure to leave a forwarding address led to the return of his service copy of Judge Lamberth's order. See Ex. 9 (returned mail from Clerk's Office to counsel for Kevin R. Shepherd).

Plaintiff, not Defendant, had the last clear chance to avoid harm. Even if, for the sake of argument, the government had failed to transmit the order and release Plaintiff, Plaintiff would have known that at some point prior to his actual release in October, 2003. Plaintiff could have avoided his harm, inter alia, either by contacting the court, his counsel, the prosecutor, or the Clerk's Office. Inexplicably, Plaintiff seems to have take no action and passed on his last clear chance to avoid harm.

H.   The District of Columbia is not the Proper Venue for This Action.

A tort suit "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff's Complaint states that he resides in Silver Spring, Maryland. Compl. at ¶ 5. Silver Spring is located in Montgomery County, Maryland, which is in the District of Maryland. See 28 U.S.C. § 100(2). Thus, this lawsuit can be brought in the District of Maryland. It could also be brought where the alleged torts occurred.

Plaintiff's Complaint asserts that venue is proper in this District because "the cause of action arose in the District of Columbia." Compl. at ¶ 2. Plaintiff is mistaken. As noted above, a tort claim arises for purposes of the FTCA at the place where the alleged negligent acts occurred. 28 U.S.C. § 1402(b); see Beattie v. United States, 592 F. Supp. 780, 784 (D.D.C.), aff'd, 756 F.2d 91 (D.C. Cir. 1984). Even a cursory examination of the Complaint demonstrates that the tort or torts Plaintiff is complaining about occurred where Plaintiff was incarcerated at that time, in Leavenworth, Kansas, Compl. at ¶ 11, which is in the District of Kansas. See 28 U.S.C. § 96.

First, at the time of the alleged torts, Plaintiff was incarcerated in Kansas. See Compl. at

11

¶ 11.

Second, the alleged failure to release Plaintiff occurred in Kansas.  See Compl. at ¶ 11 (alleging that "Case Manager Anderson at the Leavenworth detention facility . . . did not review or verify [Plaintiff's] release date").

Third, the alleged negligent acts were committed in the District of Kansas.  Compl. at ¶ 15, 20 ("failing to have proper procedures to ensure that prisoners are released in accordance with court orders, failing to monitor prisoner release dates and updates to their sentence(s), failing to communicate and exchange information with other agencies . . . .").  Moreover, the only federal official mentioned anywhere in the Complaint is a Leavenworth, Kansas prison official.  Compl. at 11.

The only actions that occurred in this District were the issuance of Judge Lamberth's order granting a motion to reduce sentence and the alleged delivery of that order to the United States Marshal Service.  See Compl. at ¶¶ 9-10.  Plaintiff is not alleging that Judge Lamberth's issuance of the order is tortious.  Plaintiff complains of the USMS's alleged negligence in failing to transmit Judge Lamberth's order and the alleged failure of BOP officials in Kansas to release Plaintiff from custody.  It is not clear that the alleged failure of the USMS to deliver the order to BOP is a tort occurring in this district as opposed to one occurring in Kansas.  Like a long distance telephone call, any transmission of the order would be directed to, and terminate with, the place where Plaintiff was located at the time: in Kansas.  Cf. Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 282 (7th Cir. 1990) (nonresident's alleged misrepresentation during interstate phone conversation was cognizable as tort occurring in Illinois).

In sum, Plaintiff does not reside in this District and because none of the aforementioned acts occurred in this District, there is no basis for venue here.  See, e.g., Reuber v. United States, 750 F.2d 1039, 1046-1048 (D.C. Cir. 1984); Mylan Laboratories, Inc. v. Akzo, N.V., 1990 WL 58466, *11 (D.D.C. 1990).

I.  Even If Venue Were Proper in this District, this Case Should Be Transferred for Convenience and in the Interest of Justice.

The preceding argument demonstrated that venue is not proper in the District of Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a).  In the alternative, if the Court were to determine that venue is proper here, this case should nevertheless be transferred to either the District of Maryland, where Plaintiff resides, or to the District of Kansas, where the relevant witnesses would be located, pursuant to 28 U.S.C. § 1404(a).  That provision authorizes the Court to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice.  See Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996).  Each of these conditions is satisfied in the present case.

Plaintiff may properly have brought this action in either Maryland or Kansas.  Moreover, considerations of convenience and justice weigh in favor of transferring this action.  "Although Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer."  See Claasen at *6 (holding that where plaintiff lived "in close proximity" to alternative forum, it was "of relatively minor importance" that plaintiff's lawyers maintained an office in the District of Columbia, and

13

ordering that case be transferred).  Moreover, Plaintiff's choice of forum is entitled to less weight when, as here, that forum is outside of Plaintiff's home jurisdiction.  <u>Stewart v. Capitol Area Permanente Medical Group</u>, 720 F. Supp. 3, 5 (D.D.C. 1989).

      Plaintiff lives in Maryland.  Many of the witnesses and government officials with knowledge about Plaintiff's allegations are located in the District of Kansas, where Plaintiff was incarcerated.  Significantly, the only individual mentioned in the Complaint is "case Manager Anderson at the Leavenworth detention facility."  Compl. at ¶ 11.  Thus, the convenience of the parties and witnesses would be better served in either the District of Maryland or the District of Kansas and transfer is in the interest of justice.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims against the federal government should be dismissed.

      Respectfully submitted,

    /s/
_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

    /s/
_____
RUDOLPH CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

    /s/
_____
PETER S. SMITH, D.C. Bar # 465131
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372