THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEVIN LAMONT SHEPPARD )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Civil Action No. 06-0855 (RBW) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Kevin L. Sheppard, a former inmate of the United States Penitentiary in Leavenworth, Kansas, Compl. at ¶¶1-3, 11, brings this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1391 alleging that the Federal Bureau of Prisons (BOP) and the United States Marshals Service (USMS) failed to release him from prison in accordance with a court-ordered reduction in his sentence. Id.[1] Plaintiff currently resides in Silver Spring, Maryland. Compl., caption and ¶ 5.

A.  <u>This Court Does Not Have Jurisdiction over Plaintiff's Claims Because They are Excepted from Federal Tort Claims Act</u>.

Plaintiff alleges that he was not released from federal custody pursuant to an order reducing his sentence and that Defendant negligently breached a duty of care to "ensure that he was not detained after his release . . . [and] not to deprive him of his liberty . . . ." Compl. at ¶

---

[1] In Defendant's Memorandum, Defendant argued that Plaintiff lacks standing to bring this case and that Plaintiff had not exhausted his administrative remedies with respect to the BOP. For purposes of this motion, the government is satisfied that Plaintiff has standing and has exhausted his administrative remedies under the FTCA. Defendant does not waive these arguments should this case proceed beyond the government's motion to dismiss.

14. To the extent that any underlying tort can be identified, it seems to be a false imprisonment claim. Claims of false imprisonment are expressly barred, since the FTCA exempts "[a]ny claim arising out of assault, battery, false imprisonment." However, the FTCA also provides that "with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising. . . out of assault, battery, false imprisonment. . . ." 28 U.S.C. §2680(h).

      Plaintiff relies on Sami v. United States, 617 F.2d 755 (D.C. Cir. 1979). In Sami, the Court of Appeals addressed the meaning of the FTCA's "law enforcement officer" proviso set forth at 28 U.S.C. § 2680(h). Plaintiff argues that, like the law enforcement personnel in Sami, the USMS personnel who allegedly failed to deliver the reduction in sentence to BOP's Leavenworth, Kansas facility, where Plaintiff was housed, were "law enforcement officers" for purposes of the FTCA. However, Sami is distinguishable. Sami concerned the actions of the Chief of the United States National Central Bureau (USNCB) of the Department of the Treasury, "this country's liaison with the International Criminal Police Organization (INTERPOL)." 617 F.2d at 757. In Sami, the "government stipulated that the USNCB was staffed professionally only by trained law enforcement personnel and Congress has been assured that requests for criminal information will be handled only by persons so trained." Id. at 764. The government argued that although the Chief was a law enforcement officer, he was acting primarily as a conduit of information and not actually conducting a law enforcement investigation at the time of the alleged tort and thus was not subject to the FTCA's "law enforcement officer" proviso. Id. The Court of Appeals disagreed. Id. at 765. However, the Court of Appeals did not hold that administrative personnel employed by law enforcement agencies would be covered by the

FTCA's law enforcement proviso. That is, the issue before the Court of Appeals was not whether the USNCB Chief's Secretary, administrative staff or office clerks are "law enforcement officers" for purposes of the FTCA. Sami involved the actions of the Chief of the of the USNCB and that fact was important to the Court of Appeals. Id. at 764. Even accepting the Plaintiff's allegations as true, they concern whether USMS administrative staff failed to deliver, or perhaps to process, paperwork. Pl. Opp. at 21 (citing USMS log entries and stating that the log "seems to indicate[] that there was an eight day delay in the processing of Judge Lamberth's order"). Plaintiff has not alleged facts sufficient to bring the ministerial task of transmitting the court's order, and the administrative staff who would do so, within the "law enforcement officer" exception to the FTCA's false imprisonment exemption. As explained in Defendant's Memorandum, it is Plaintiff's burden to do so.

B.  This Action Should Be Dismissed Because Plaintiff Cannot Show That Defendant Violated any Tort Duty That it Owed to Him.

Plaintiff's Opposition discusses negligence generally, but he does not identify any specific duty owed to him that could give rise to a tort claim against the federal government. See Pl. Opp. at 13-14. Plaintiff "submits that federal regulations placed a duty on both the United States Marshal Service and the Bureau of Prisons" to ensure his timely release from prison, to communicate with other agencies and to monitor Plaintiff's release date. Pl. Opp. at 13. However, the Code of Federal Regulations sections Plaintiff cites do not establish such duties. Id. (citing 28 C.F.R. Sections 524.12(b) and 524.42(m), concerning BOP program review and progress reports, and 28 C.F.R. Section 0.111 concerning the USMS' alleged duty to coordinate with other DOJ agencies).

First, the BOP regulations Plaintiff relies upon do not govern an inmate's release date.

The regulations governing release are set forth at 28 C.F.R. § 571. Neither BOP's program review regulations, 28 C.F.R. § 524, nor its progress report regulations, 28 C.F.R. § 540, even discuss any clear or explicit duty on the part of BOP to gather information from outside the relevant institution. Both regulations refer only to a "projected release date." While BOP is required to release an inmate who has served his or her sentence, that obligation is not triggered until BOP receives notice of an inmate's release date. 28 C.F.R. § 571.11. None of the provisions Plaintiff cites state that BOP must constantly monitor judicial proceedings throughout the country to see if those proceedings could have an effect on the length of any particular inmate's sentence. Rather, the cited regulations concern information possessed by BOP at that time. See 28 C.F.R. § 571 (governing "release from custody"). Moreover, the Central Inmate Monitoring System (CIM) regulation that Plaintiff cites applies only to "certain" inmates and does not establish a duty to review an inmate's release date. Instead, the regulations concern reviews of whether the CIM designation needs to remain, 28 C.F.R. § 524.75, and governs the "transfer, temporary release . . .and community activities" of CIM inmates. 28 C.F.R. § 574.70 ("purpose and scope").

Second, USMS regulations set forth at 28 C.F.R. § 0.111 (describing general functions of the USMS), do not establish any duty to Plaintiff as he claims. On the contrary, that section is not applicable because it concerns the "prisoners held in the custody of a marshal or transported by the" USMS. Here, Plaintiff already was incarcerated in Kansas; he was not in USMS custody nor being transported by USMS personnel. Similarly, coordination of the USMS with other "organizational units of" the DOJ does not give rise to any duty to Plaintiff.

Third, Judge Lamberth's December 12, 2002 Judgment and Commitment Order does not

address how the Order is to be transmitted to the Bureau of Prisons, and thus the order itself does not create any such duty. Def. Ex. 1. It was the Clerk's Office that was tasked with serving the December 12, 2002 order granting the government's Rule 35 motion upon the prosecutor and upon Plaintiff's counsel. Def. Ex. 2 at 2.

Finally, Plaintiff relies on Williams v. Heard, 533 F.Supp. 1153 (D.Texas 1982), arguing that a "jailor" has a duty "to ensure that his prisoners are released in accordance with a court's directives." Pl. Reply at 15. As discussed in Defendant's Memorandum, the FTCA is a limited waiver of sovereign immunity. Williams is a Section 1983 case involving a local sheriff and thus is inapplicable to the facts of this FTCA case. Williams does not involve the USMS nor BOP, does not concern a federal prison, nor a prisoner who had already been sentenced, nor is a case from this district.

C.      This Claim is Not Actionable Under the Federal Tort Claims Act Because Judicial
        Immunity Bars Recovery.

In addition, the doctrine of judicial immunity shields Defendant from liability in this particular case. Plaintiff offers no principled distinction between the USMS administrative staff he alleges are involved in this case and the staff of the Court's clerk's office, who clearly are entitled to judicial immunity. Plaintiff argues that since the BOP and USMS administrative staff who allegedly failed to deliver the court's reduction in sentence order do not exercise "discretion comparable to that exercised by a judge," they are not entitled to judicial immunity. Pl. Opp. at 16. What Plaintiff fails to appreciate is that the administrative actions at issue here are exactly like those performed by the clerks in Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993), for which the doctrine of immunity applied.

3

The Court of Appeals in <u>Sindram</u> held that judicial immunity extends to any personnel "performing tasks intimately related to the judicial process." <u>Id</u>. at 1461. <u>Sindram</u> explicitly rejected the proposition that Plaintiff argues: "Although some courts have held that clerks are not entitled to absolute immunity for performance of nondiscretionary, 'ministerial' functions . . . we agree with the Sixth Circuit that '[w]hether an act is judicial in character does not depend on its being discretionary.'" <u>Id</u>. "Rather, immunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function," such as the delivery of Judge Lamberth's order. <u>Id</u>. See also <u>Sindram</u>, 986 F.2d at 1460 ("clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process"). <u>See also</u> 28 U.S.C. § 2674 (FTCA defense of judicial immunity).

D.  <u>Plaintiff was Contributorily Negligent</u>.

Plaintiff argues that this is "a jury question." Pl. Opp. at 18. While the FTCA does not provide for a jury trial, we will construe Plaintiff's argument to mean that this issue would survive a motion to dismiss or for summary judgment and would need to be resolved by the trier of fact. Plaintiff relies for that proposition on <u>Poyner v. Loftus</u>, 694 A.2d 69 (D.C. 1997). The <u>Poyner</u> court observed that "where the evidence taken in the light most favorable to the plaintiff, establishes contributory negligence so clearly that no other inference can reasonably be drawn," the case should not be submitted to the trier of fact. That is the situation here.

Plaintiff alleges that Judge Lamberth executed an order on December 12, 2002 requiring his release from prison, but that he was not in fact released until October 7, 2003. During that time period, Plaintiff's counsel was on notice of the sentence reduction. Neither Plaintiff nor his counsel seem to have taken any steps to have Judge Lamberth's order transmitted to BOP, to

4

inquire about the order, or the reduction of Plaintiff's sentence. Contributory negligence is an absolute bar to recovery. Lipnick v. United States, 717 F. Supp. 902, 907 (D.D.C. 1989) (in a negligence case, plaintiff's recovery is barred by his own contributory negligence); Scoggins v. Jude, 419 A.2d 999 (D.C. 1980) (contributory negligence is conduct that falls below the standard to which a reasonable person should conform for his own protection and which contributes to his injury). Plaintiff should have known that at some point prior to his actual release in October, 2003, that he had not been released in accordance with Judge Lamberth's order. Inexplicably, Plaintiff seems to have taken no action and passed on his last clear chance to avoid harm.

E.     The District of Columbia is not the Proper Venue for This Action.

A tort suit "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff's Complaint states that he resides in Silver Spring, Maryland. Compl. at ¶ 5. Silver Spring is located in Montgomery County, Maryland, which is in the District of Maryland. See 28 U.S.C. § 100(2). Thus, this lawsuit can be brought in the District of Maryland. It could also be brought where the alleged torts occurred.

Plaintiff's Opposition confirms that venue is not proper in this district. Plaintiff complains of an allegedly delayed or improper program review in Kansas where he was incarcerated. Pl. Opp. at 14. He states that the relevant witnesses, in addition to BOP personnel in Kansas, include "Judge Royce C. Lamberth, AUSA Patricia Stewart and courtroom clerk Monte Keller." The latter are immune, under either judicial immunity or executive privilege, and thus not subject to civil discovery. Heckler v. Chaney, 470 U.S. 821 (1985) (discussing prosecutorial discretion generally); Sindram, 986 F.2d at 1460. Plaintiff claims that the

5

"conduct" of the USMS in Washington, D.C. is the relevant tort and thus venue lies in this district as the situs of the alleged tort. Even setting aside the immunity of court personnel and those integral to the judicial process, Plaintiff does not, and cannot, rebut Defendant's argument that the alleged failure to timely release Plaintiff occurred in Kansas. The alleged USMS failure to deliver the order is, even if true, merely an administrative error. Assuming, for the sake of argument, that there is a cognizable tort, it did not occur until it impacted Plaintiff, who was incarcerated in Kansas. Plaintiff offers no legal authority or argument to refute the applicability of <u>Heritage House Restaurants, Inc. v. Continental Funding Group, Inc</u>., 906 F.2d 276, 282 (7th Cir. 1990) (nonresident's alleged misrepresentation during interstate phone conversation was cognizable as tort occurring in Illinois). Even Plaintiff's Opposition, while arguing that the tort occurred in this district, discusses at length the BOP's program review, an allegedly "incorrect release date on the 12/15/02 Program Review Report, and an "institutional computer," all located in Kansas. Pl. Opp. at 21. Thus, venue is improper in this district.

F.  <u>Even If Venue Were Proper in this District, this Case Should Be Transferred for Convenience and in the Interest of Justice</u>.

The preceding argument demonstrated that venue is not proper in the District of Columbia and, accordingly, that this case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). This case's only real nexus with this district is that Plaintiff's attorney is here. In the alternative, this case should be transferred to either the District of Maryland, where Plaintiff resides, or to the District of Kansas, where the relevant witnesses would be located, pursuant to 28 U.S.C. § 1404(a). Plaintiff's Opposition, while arguing that the case should remain here, points to "witnesses" like Judge Lamberth and his staff, from whom Plaintiff cannot take

discovery. Pl. Opp. at 22.

Plaintiff's Opposition complains about BOP program reviews, personnel and computers all located in Kansas where Plaintiff was incarcerated. Thus, considerations of convenience and justice weigh in favor of transferring this action. After all, Plaintiff's choice of forum is entitled to less weight when, as here, that forum is outside of Plaintiff's home jurisdiction. Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against the federal government should be dismissed.

> Respectfully submitted,
>
>    s/Kenneth L. Wainstein
> KENNETH L. WAINSTEIN, D.C. BAR # 451058
> United States Attorney
>
>    s/Rudolph Contreras
> RUDOLPH CONTRERAS, D.C. BAR # 434122
> Assistant United States Attorney
>
>    s/Peter S. Smith
> PETER S. SMITH, D.C. BAR # 465131
> Assistant United States Attorney
> United States Attorney's Office, Civil Division
> 555 4th Street, N.W.
> Washington, D.C. 20530
> (202) 307-0372